# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-2234V**
UNPUBLISHED

| | |
|---|---|
| RIANA PROIA, *Parent and Natural Guardian of* A.M., *a Minor*,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 25, 2022<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu); Guillain-Barré syndrome ("GBS"). |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On November 30, 2021, Riana Proia, parent and natural guardian of her minor child, A.M. ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that A.M. suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza vaccine ("flu") vaccine administered to him on or about October 17, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 25, 2022, Respondent filed a combined Rule 4(c) Report and Proffer in which he **concedes** that Petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI"), which afford

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternate cause of GBS. Respondent's Rule 4(c) Report and Proffer at 7 (citing 42 C.F.R. § 100.3(a)(XIV)(D), (c)(15)). Respondent further agrees that Petitioner timely filed this case, that A.M. received the flu vaccine in the United States, and that A.M. satisfied the statutory severity requirement by suffering the residual effects or complications of GBS for more than six months after vaccine administration. *Id.* (citing Section 11(c)(1)(D)(i)).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
